IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL AGUILAR, AMY ALLEN, AIMEE ALVAREZ, JEAN AMADOR, TENISHA BRACKENS, CHERYL BROWNING-VIDRIO, JANICE CABALLERO, MARIA DEL CARMEN CERVERA RIOS, BLANCA CHAPA, ELENA CLEVELAND, JOHN COLES, CASEY CUNNINGHAM, ROY DALMACIO, TISHA EAGLEBARGER, BERNADETTE EGBUFOR, DENISE FREDERICKSEN, WHITNEY GOODBREAD, TERRI GRIFFICE, DEANNA HOWARD, MARIA JOHNSON, LINDA JONES, TAYLOR JONES, VIOLA KNOXSON, ADAM LANDRY, MARY LANEHARL, AMBER LEAL, JANET LONDONO, BLESSED MAKAMBA, ARIANA MANISCALCO, XUAN-TRAN NGUYEN MCCAIN, PAUL MCCULLOUGH, REBECCA MEEHAW, SHANNON MIKEL, JAMES MURENGI, MY NGUYEN, JAMES O'DONNELL, WADE PEIRSOL, ELIZABETH POLLOCK, BARBARA DE'ANN PULIDO, MARY-EVA REYES, SHARELLA SHEPARD, ERIK SILLEN, SHANNAN SILLEN, PATRICK SKOWRON, BRANDY SHIP, LANE STEPHENSON, EMMANUEL TABE, DONALD TAYLOR, TIFFANY THALHEIMER, LA'TOYA THOMPSON, SHEILA TIMMONS, JERROLYN TRAVERS, MARIA FE VALENCIA, RUDELL VANARSDALE, EDELMIRE VARGAS, CYNTHIA VILLAREAL, CAROL VOGL, RUTH WESEMAN, MARY WHEELER-WALKER AND ALL OTHERS SIMILARLY SITUATED,<br><br> Plaintiffs,<br>v.<br><br>BAY AREA REGIONAL MEDICAL CENTER LLC, MEDISTAR SLN GP LLC, and MONZER HOURANI,<br><br> Defendants. | Cause No.<br><br>COMPLAINT – CLASS ACTION<br><br>VIOLATION OF WARN ACT<br>29 U.S.C. § 2101, et. seq.<br><br>JURY DEMAND |

1

# CLASS ACTION COMPLAINT

COME NOW, Plaintiffs herein, on behalf of themselves and all others similarly situated, by and through their attorneys of record ZENDEH DEL & ASSOCIATES, PLLC, ("Plaintiffs") who hereby file their Complaint against Bay Area Regional Medical Center, LLC, Medistar SLN GP, LLC and Monzer Hourani ("Defendants"), and in support thereof, state as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et. seq. ("WARN Act"). Defendant is liable to Plaintiffs under the WARN Act for the failure to provide Plaintiffs and other similarly situated former employees as a result of a mass layoff and/or plant closing ordered by the Defendants on or about May 4, 2018 at least 60 days advance notice of their employment losses, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction based on 28 U.S.C. § 1331 as well as 29 U.S.C. §§ 2102, 2104(a)(5).

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5), because Defendants do business in this District and the acts constituting the violation of the WARN Act complained of occurred, and the claim arose, in this District.

## PARTIES

4. Plaintiffs are good faith Texas residents that were previously employed in Defendants' facility located at 200 Blossom St, Webster, TX 77598 and were terminated on or about May 4, 2018. Plaintiffs earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

5. Defendant Bay Area Regional Medical Center, LLC, is a Texas limited liability company with its principal place of business in Webster Texas. Defendant FPMC may be served through its registered agent for service of process, Aletheia Lawry, at 200 Blossom, Street, Webster, Texas 77598.

6. Defendant Medistar SLN GP, LLC is a Texas limited liability company with its principal place of business located at 7670 Woodway Drive, Suite No. 160 Houston, Texas 77063.

7. Defendant Monzer Hourani is a Texas resident that can be served with service at his principal place of business located at 7670 Woodway Drive, Suite No. 160 Houston, Texas 77063.

8. Plaintiffs may name additional Defendants if discovery reveals other entities that employed Plaintiff on the dates alleged herein that incurred WARN Act liability for the events alleged herein.

## **FACTS**

9. Defendants Bay Area Regional Medical Center, LLC ("Bay Area") and Medistar SLN GP, LLC ("Medistar") operated the Bay Area Regional Medical Center ("BARMC") in Webster Texas. Defendant Monzer Hourani is the director and manager of Bay Medical and the President of Medistar. Bay Medical and Medistar are both 100% owned by Hourani through subsidiary corporations. Hourani maintained sole control over all decisions made by Bay Medical and Medistar. BARMC began operations in July 2014 and employed approximately 900 employees.

10. Hourani frequently visited the Facilities, interacted with and requested reports from BARMC employees.

11. Upon information and belief by certain Plaintiffs with access to relevant information during their tenure as BARMC employees, Hourani operated Bay Medical and Medistar as a single corporate entity and comingled corporate funds with his own funds.

12. Upon information and belief, at all relevant times, Hourani used corporate funds and corporate accounts as his own.

13. On or about May 4, 2018, Plaintiffs and the remaining employees employed at BARMC were notified of their immediate termination effective 5:00 p.m., that day. On information and belief, Plaintiffs allege that Defendants terminated approximately nine hundred (900) employees at BARMC, constituting the entirety of Defendants' BARMC workforce. Defendants closed the BARMC facility.

14. Upon personal knowledge by certain Plaintiffs with access to relevant information during their tenure as BARMC employees, there were substantial distributions made to Hourani and other corporate officers in the weeks leading to the May 4 layoff. Furthermore, substantial amounts were paid out to entities and individuals related to Defendants for services that were never performed.

15. Upon closure of the BARMC facility, Plaintiffs were informed that Defendants had not paid their insurance premiums although the premium amounts had been deducted from Plaintiff's paychecks. Defendants did not compensate Plaintiff for their accumulated paid off.

16. Accordingly, this mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

17. Based upon the operation of the business and commingling of funds, the shutting down of BARMC was made by all of the Defendants as a single employer.

18. Defendants and all other similarly affected class members are all deemed "affected employees" and "aggrieved employees" as defined by 29 U.S.C. §§2101(a)(5)& (a)(7) of the WARN Act entitled to receive notice.

19. Plaintiffs, and all other similarly situated persons, suffered employment losses by Defendants and did not receive the 60-day notice required by the WARN Act.

20. Defendants did not inform Plaintiffs, Texas Workforce Commission or the Mayor's office in Webster Texas of the closing as required.

21. Defendants announced that they would be seeking protection under tilt e7 of the United States Bankruptcy Court.

22. Shortly upon closing the BARMC facility, Defendants began selling its assets to other entities in which Hourani holds an interest. Such sale is not conducted on an arm's length basis.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

24. Class Definition: Plaintiffs bring this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a class initially defined as: "All of Defendants' employees who suffered an employment loss at Defendants' BARMC facility on or about May 4, 2018, or within thirty (30) days of that date, without sixty (60) days advance written notice as required by the WARN Act."

25. Plaintiffs and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

26. Plaintiffs' claims satisfy the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of a class action.

27. Numerosity and class size: The class contains in excess of one hundred members, and joinder is therefore impracticable. Plaintiffs believes that the total number of affected employees is approximately 900. The precise number of class members and their addresses are readily determinable from the books and records of Defendants.

28. Adequacy: Plaintiffs are affected employees who suffered an employment loss by Defendants on or about May 4, 2018, without the notice required by the WARN Act. They are thereby

members of the class. Plaintiffs are committed to pursuing this action and has retained counsel with experience prosecuting complex wage, employment, class action, and WARN Act litigation. Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members not listed herein. Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

29. Common Questions of Law and Fact: There are questions of fact and law that are common to the class and predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

　　a.　　Whether the provisions of the WARN Act apply;

　　b.　　Whether Defendants' employee layoffs on or about May 4, 2018, and within 30 days of that date, constitute a "plant closing" and/or "mass layoff" under the WARN Act;

　　c.　　Whether Defendants failed to provide the notices required by the WARN Act, 29 U.S.C. § 2102(b);

　　d.　　Whether Defendants can avail themselves of any of the provisions of the WARN Act permitting lesser periods of notice;

　　e.　　The appropriate formulae to measure damages under the WARN Act, 29 U.S.C. § 2104(a); and

　　f.　　The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act, 29 U.S.C. § 2104(a)(2).

30. Typicality: Plaintiffs' claims are typical of the claims of all members of the class. Plaintiffs were laid off on the same date as other members of the class. Plaintiffs, like others members of the class, were not provided with sufficient notice as required by the WARN Act.

31. Nature of the Proposed Notice: Plaintiffs propose that, should the Court certify the class, notice be sent to class members via first class mail and email. The names and contact information of class members are readily determinable from the books and records of Defendants.

32. Rule 23(b) Requirements: The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

33. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

34. Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other persons similarly situated, or both.

## **COUNT I - Violations of the WARN Act**

35. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (34)** as if fully set forth at length.

36. At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 et. seq.

37. Defendants were, and are, subject to the notice and back pay requirements of the federal WARN Act because Defendant Bay Area is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

38. As previously stated above, Defendants operated the BARMC as a single business.

39. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendants were required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

40. Defendants willfully violated the federal WARN Act by failing to provide the required notice. Defendants failed to pay Plaintiffs and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

41. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to Defendants. Accordingly, Plaintiff and class members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104. Plaintiffs did not receive the required notice.

42. Plaintiffs and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## COUNT II – CONVERSION/QUANTUM MERUIT

43. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (42)** as if fully set forth at length.

44. Upon information and belief, Defendants deducted from Plaintiffs' paychecks the amounts attributed to their insurance premiums when due but failed to pay the insurance carriers for such premiums. As a result, Plaintiffs' insurance coverage was terminated. Defendants are liable for conversion of Plaintiffs' insurance premiums.

45. Furthermore, Plaintiffs' accumulated paid time off ("PTO") was not paid to Plaintiffs when they were terminated. In fact, Defendants began unilaterally adjusting Plaintiffs' PTO in the weeks leading to the closing of BARMC, in some instances completely deleting the earned PTO in their pay stubs. Defendants are liable for conversion of Plaintiffs' PTO.

46. Defendants, without right or permission from Plaintiffs, improperly exercised control over and converted for their own use the funds that Plaintiffs entrusted to them for a specific purpose, specifically the paid insurance premiums and PTO accrued by Plaintiffs.

47. Therefore, Plaintiffs bring this action against Defendants under state law for conversion, and in the alternative, for recovery against Defendants under quantum meruit for unjust enrichment.

## COUNT III – UNJUST ENRICHMENT

48. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (47)** as if fully set forth at length.

49. Defendants have been unjustly enriched by the amounts that Plaintiffs provided to them for insurance premiums which Defendants have refused to pay and failed to return.

50. Defendants in equity should pay to Plaintiffs as a result of Defendants' unjust enrichment an amount to be determined at trial.

## COUNT IV - ACCOUNTING

51. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (50)** as if fully set forth at length.

52. Defendants failed to use the proceeds provided to them by Plaintiffs for their intended purposes, and erased form their financial records the earned PTO by Plaintiffs. Defendants have failed and refused to account to Plaintiffs for the use of the funds transmitted to them by Plaintiffs as well as the unpaid PTO.

53. The full extent of Defendants' conversion is not now known to Plaintiffs and cannot be ascertained by Plaintiffs without an accounting. Defendants should be required to account for (a) all disbursements and payments made to all principals; (b) all payments collected from BARMC employees for insurance premiums; (c) all payments made to health insurance carriers and dates made; and (d) all records reflecting Plaintiffs' PRO for the last twelve (12) months.

## COUNT IV - FRAUD

54. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (53)** as if fully set forth at length.

55. Defendants made false statements and misrepresentations to Plaintiffs regarding compensation for services provided. Defendants also made false statements and misrepresentations to Plaintiffs that insurance premiums would be paid for. Defendants did not perform either promise. Plaintiffs relief upon such false statements and misrepresentations to their detriment.

56. Defendants further manipulated internal records and accounts to destroy evidence pertaining to compensation to entities in which principals or principal's family member held an interest. Certain IT personnel were instructed to delete electronic mail correspondence.

57. Plaintiffs additionally bring this cause of action against Defendants under state law for fraud.

## V. FAIR LABOR STANDARD ACT VIOLATIONS

58. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (57)** as if fully set forth at length.

59. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated laborers for all time worked which resulted in being paid less than the federally required minimum wage and failure to pay Plaintiff and other similarly situated laborers one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

60. Plaintiff were directed to work and, in fact, did work but were not compensated for all time worked at least at the federal minimum wage rate.

61. Other similarly situated employees, likewise, were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

62. Plaintiffs and other similarly situated employees were entitled to be compensated at least at the federal minimum wage rate pursuant to the FLSA.

63. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees at least at the federal minimum wage rate for all time worked.

64. Furthermore, Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

65. Plaintiff were not exempt from the overtime provisions of the FLSA.

66. Plaintiff were entitled to either be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks or get compensated as Paid Time Off (PTO).

67. Defendants did not pay Plaintiffs overtime wages nor their earned PTO for all time worked in excess of forty (40) hours in individual work weeks.

68. Defendants likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks.

69. Defendants' failure to pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks or their earned PTO was a violation of the FLSA.

70. Plaintiffs and other similarly situated employees are entitled to recover unpaid wages and overtime for up to three (3) years prior to the filing of this suit because Defendants' failure to pay at least the federal minimum wage rate, overtime or PRO were willful violations of the FLSA.

## **INJUNCTIVE RELIEF**

71. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (70)** as if fully set forth at length.

72. Plaintiffs, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining Defendants, their agents and servants from disposing the corporate assets and the sold assets would be relevant and generate sufficient fund for a meaningful distribution in a Chapter 7 proceeding.

73. Failure to enjoy Defendants from disposing the corporate assets will cause Plaintiff irreparable harm and will diminish the likelihood or recovering on their claims.

74. In support of this request, plaintiffs will file under separate cover and rely upon a memorandum of points and authorities.

## **PIERCING THE CORPORATE VAIL**

75. Plaintiffs incorporate by reference the factual assertions contained in **Paragraphs (1) through (74)** as if fully set forth at length.

76. The corporate entity may be disregarded, even though corporate formalities have been observed when the corporate form has been used as part of a basically unfair device to achieve an

inequitable result. The corporate fiction is disregarded when it is used to perpetrate fraud, as a mere tool or business conduit of another corporation, as a means of evading existing legal obligations, to achieve or perpetrate monopoly, to circumvent a statute, or to protect crime or justify wrong. *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986). *The Castleberry* case permitted piercing the corporate veil for constructive fraud. However, Tex. Bus. Corp. Act Art. 2.21, A (2), effective August 28, 1989, eliminated constructive fraud or mere failure to observe corporate formalities as a ground for piercing the corporate veil in contract cases.

77. Where management and operations are assimilated to the extent that the subsidiary is simply a name or conduit through which the parent conducts its business, the corporate fiction may be disregarded to prevent fraud or injustice. *Gentry v. Credit Plan Corporation of Houston*, 528 S.W.2d 571 (Tex. 1975). Alter ego relationship between corporate entity and the individual may be shown from total dealings of the corporation and individual. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226 (Tex. 1990). Non compliance with corporate formalities and payment of corporate debts with personal checks was sufficient evidence of alter ego. *Id*.

78. Here, Defendants had a contractual obligation with Plaintiffs to compensate them for services provided, including overtime or PTO and failed to do so, thus breaching its contractual obligations with Plaintiffs. Furthermore, Defendant Hourani used the corporate entities as his alter egos to perpetuate fraud. He did not follow corporate formalities, used the corporate accounts as his own.

79. Based on the foregoing, the Court should pierce the corporate veil and hold Defendant Hourani personally responsible for the fraudulent acts perpetuated by Defendant Bay Area and Defendant Medistar.

# DEMAND FOR JURY TRIAL

80. Plaintiffs hereby request trial by jury of all issues triable by jury pursuant to Fed. R. Civ. P. 38.

# PRAYER FOR RELIEF

WHEREFORE, PREMISSES CONSIDERED, Plaintiffs, and all similarly situated employees, demand judgment against Defendants and pray for:

(1) An order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) Compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

(3) Reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6);

(4) An award for conversion based on the amounts owed for paid time off and collected yet unpaid insurance premiums

(5) Punitive damages as provided by law; and,

(6) Such other relief as the Court deems fair and equitable.

Respectfully submitted,

**ZENDEH DEL & ASSOCIATES, PLLC**

Counsel for the Plaintiffs
1813 61st Street, Suite 101
Galveston, Texas 77511
(409) 740-1111 (Telephone)
(409) 515-5007 (Facsimile)

/s/ Jonathan A. Zendeh Del
Jonathan A. Zendeh Del, SBA 24075331
jonathan@zendehdel.com
Gabe Perez, SBA 24099475
gabe@zendehdel.com